LEMPI WALDO *vs.* A. H. PHILLIPS, INC.

FRANK WALDO *vs.* SAME.

Hampden.   September 23, 1937. — February 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Store.

Evidence of the maintenance by the proprietor of a retail store of a smooth unfastened rubber mat upon the slippery tile surface of an inclined step at the store's entrance, warranted a finding of negligence on the part of the proprietor toward a customer injured in a fall caused by the slipping of the mat.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated June 29, 1933.

Verdicts for the plaintiffs in the sums, respectively, of

$524.25 and $13 were returned before *Goldberg*, J. The defendant alleged exceptions.

*E. T. Collins*, (*L. A. Stone* & *T. T. Murray* with him,) for the defendant.

*J. J. Shapiro*, for the plaintiffs.

FIELD, J. These two actions of tort were tried together. In one of them the plaintiff, Lempi Waldo, seeks to recover compensation for personal injuries sustained by her as a result of a fall in the "entry-way" of a retail store operated by the defendant. In the other action her husband, Frank Waldo, seeks to recover consequential damages. In each case a motion of the defendant for a directed verdict was denied, subject to the defendant's exception, and there was a verdict for the plaintiff.

On the evidence, in some particulars contradictory, these facts could have been found: The front of the defendant's store was on a line with the edge of the public sidewalk. The door of the store was three and one half feet back from the sidewalk and an "entry-way" about two and one half feet wide ran from the sidewalk to the door between two show windows. The floor of this "entry-way" consisted of a "step or platform" which at the edge of the sidewalk was three and one half or four inches high and inclined upward to the door, where it was three and one half inches higher. The surface of this "step or platform" was white vitreous tile, except for the border of red tile about six inches wide. There was a rubber mat on the "step or platform" about two and one half feet wide extending from a line about six inches outside the door to a line about two and one half inches from the edge of the "step or platform." This rubber mat was about one half inch thick.

The plaintiff Lempi Waldo, when leaving the store after making a purchase, took two steps on the rubber mat, felt it slipping under her right foot, tried to regain her balance and fell on the sidewalk. The rubber mat was then "six inches over the edge of the step." The plaintiff Lempi Waldo testified that the "rubber mat was worn on the surface, and the part of the mat that was lying on the tile was smooth and worn," and that the tile underneath the mat was "slippery, shiny and worn." A witness, called by the

plaintiffs, testified, apparently as an expert, that the "white tiled body inside the red border is slippery. . . . White tile becomes smooth and slippery from wear, and it is used on flat surfaces but not on inclines and not on a ramp surface without a protection. A floor becomes a ramp when it has a pitch of about three quarters of an inch to a foot. . . . A rubber mat above three eighths of an inch in thickness would have a tendency to slip on a surface constructed as this surface was." Evidence more favorable to the defendant need not be recited. The jury could have disbelieved the testimony of the defendant's witnesses that the mat was fastened to the woodwork of the building, and could have inferred from the other evidence that it was not so fastened.

The evidence narrated warranted a finding that the combination of an inclined "step or platform" with a surface of worn and slippery tile and a rubber mat thereon, worn on top and smooth and worn on its under side, created a dangerous condition which the defendant, by a proper inspection, could and, in the exercise of reasonable care, ought to have discovered. Negligence on the part of the defendant causing injury to the plaintiff Lempi Waldo could have been found. *Mulloy* v. *Kay Jewelry Co. of Quincy*, 289 Mass. 264. See also *Blease* v. *Webber*, 232 Mass. 165; *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300; *Dalgleish* v. *Oppenheim, Collins & Co.* 302 Penn. St. 88. In each case the exceptions are overruled.

*So ordered.*